UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON SIMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER McNACK, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-06-4837 EMC<br><br>**ORDER RE DEFENDANTS' MOTIONS IN LIMINE AND DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**<br><br>**(Docket Nos. 155, 168-69)** |

On May 10, 2010, the Court conducted a hearing on (1) a new motion in limine filed by Defendants, (2) Defendants' objections to Plaintiff's exhibits, and (3) Defendants' previous motion in limine on which the Court had conditionally ruled. This order memorializes the Court's rulings made at the hearing.

A.    <u>Defendants' Motion in Limine (Docket No. 168)</u>

        Defendants have asked the Court to bar Plaintiff's witnesses and counsel from referring to the use of force by police in other mainstream cases – *e.g.*, the Rodney King beating and other similar situations. Defendants argue that the evidence is irrelevant and, even if relevant, unduly prejudicial. Plaintiff does not oppose Defendants' motion.

        Based on Plaintiff's oral statement of nonopposition, as well as the Court's concurrence with Defendants that what is relevant in this case is what happened to Plaintiff, not what happened to other people, the Court **GRANTS** this motion.

B.   Defendants' Objections to Plaintiff's Exhibits

    1.   Third-Party Documents

With respect to documents that Plaintiff obtained from third parties (*e.g.*, medical records, medical bills, bank records), the Court overrules Defendants' objections. Under the Court's case management order, Defendants should have filed their objections by April 19, 2010. Defendants, however, did not file their objections until May 7, 2010, which is in essence the day before trial. The objections therefore are deemed waived. The Court notes that, had Defendants raised the objections earlier, then Plaintiff could have dealt with them, *e.g.*, by obtaining a declaration from the appropriate custodian of record to establish that the documents are business records. *See* Fed. R. Evid. 803(6) (hearsay exception for business records); Fed. R. Evid. 902(11) (self-authentication for business records).

The Court further notes that, at the hearing, Defendants conceded that they did not in fact believe the third-party documents to be inauthentic. Moreover, Defendants admitted that they did not have a real hearsay objection because Plaintiff likely could have obtained a declaration from the appropriate custodian of record to establish the business records hearsay exception. Defendants, however, argued that, with respect to the medical records, the evidence should still be excluded because they contain expert opinions. The problem for Defendants is that they never raised this objection by April 19 in compliance with the Court's case management order. Moreover, even in the untimely objections that Defendants submitted on May 7, there was never an objection on this basis. The Court therefore deems the objection waived.[1]

    2.   Photographs

With respect to the photographs of Mr. Simpson's alleged injuries, the Court conditionally overrules Defendants' objections. The best evidence objection is without merit. The advisory committee notes for Federal Rule of Evidence 1002 demonstrate that it is permissible for Plaintiff to

---

[1] The Court notes that, under Federal Rule of Civil Procedure 26(a)(2)(B), an expert report is "'not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment.'" *First Nat'l Mortg. Co. v. Federal Realty Inv. Trust*, No. C-03-02013RMW, 2006 U.S. Dist. LEXIS 57113, at *45 (N.D. Cal. Aug. 3, 2006).

1  testify about his injuries and then show the photographs to confirm and visually illustrate what those
2  injuries were. *See* Fed. R. Evid. 1002, 1972 advisory committee notes ("The usual course is for a
3  witness on the stand to identify the photograph . . . as a correct representation of events which he
4  saw or of a scene with which he is familiar. In fact, he adopts the picture as his testimony, or, in
5  common parlance, uses the picture to illustrate his testimony. Under these circumstances, no effort
6  is made to prove the contents of the picture, and the rule is inapplicable.").

As to Defendants' objections based on lack of foundation and authentication, it appears that Plaintiff will be able to authenticate the photographs and lay a proper foundation for their admissibility based on Plaintiff's counsel's representation that Plaintiff took the pictures himself shortly after the alleged incident at issue. The objection is thus overruled subject to Plaintiff laying a proper foundation.

    3.    <u>Plaintiff's Documents</u>

With respect to Plaintiff's own documents -- *e.g.*, internal documents about his business -- the Court conditionally sustains Defendants' objections. The documents are hearsay unless Plaintiff is able to provide testimony establishing the applicability of the business records or other hearsay exception.

C.    <u>Defendants' Motion in Limine (Docket No. 155)</u>

Previously, the Court conditionally permitted Plaintiff to ask Defendant Officer Waybright about his alleged use of excessive force on prior occasions. The ruling allowed Defendants to ask the Court to reconsider its ruling after they obtained further information about whether there were any incidents of alleged use of excessive force previous to the incident at issue. *See* Docket No. 163 (final pretrial conference order).

At the hearing, Defendants and Plaintiff represented to the Court that there appeared to be only one prior incident which allegedly involved the use of excessive force. Plaintiff argued that this evidence should be admitted because it is relevant to his claim against the City. But Plaintiff has provided no specifics about this prior incident, and, even if the prior incident were similar to that at issue in the instant case, one prior incident hardly seems sufficient to give rise to a plausible theory of official policy or custom or deliberate indifference. *See, e.g.*, *City of Canton v. Harris*, 489

U.S. 378, 390 n.10 (1989) (noting that "[i]t could also be that the police . . . *so often* violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need") (emphasis added); *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001) (noting that a municipal "policy must result from a deliberate choice made by a policy-making official, and may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded'").

The Court ruled that evidence related to the alleged use of excessive force by Officer Waybright on a prior occasion is inadmissible. Subsequently, Plaintiff withdrew his *Monell* claim thus making this motion moot.

This order disposes of Docket Nos. 155, 168, and 169.

IT IS SO ORDERED.

Dated: May 10, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

4