**United States District Court**
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8   GORDON SIMPSON,                              No. C-06-4837 EMC
9              Plaintiff,
10        v.                                     **FINAL JURY INSTRUCTIONS**
11  OFFICER NGUYEN, OFFICER
    WAYBRIGHT, OFFICER CERRUTI, SGT.
12  STANLEY,
13             Defendants.
14  _____/
15
16
17
18                        **JURY INSTRUCTIONS**
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 1 – INTRODUCTION INSTRUCTIONS REGARDING CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

United States District Court

For the Northern District of California

1    The law requires these restrictions to ensure the parties have a fair trial based on the same

2 evidence that each party has had an opportunity to address.  A juror who violates these restrictions

3 jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

4 trial process to start over.  If any juror is exposed to any outside information, please notify the court

5 immediately.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 2 – INTRODUCTION INSTRUCTIONS –**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 3 – INTRODUCTION INSTRUCTIONS – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4 – INTRODUCTION INSTRUCTIONS – BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 5 – INTRODUCTION INSTRUCTIONS – OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**United States District Court**
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1
2

3
4

5

6
7

8
9
10
11
12

13
14

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 6 – DUTY OF JURY (COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 7 – CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Gordon Simpson, claims that the defendant police officers, Messrs. Nguyen, Waybright, Stanley, and Cerruti, unreasonably used excessive force in arresting him on May 16, 2004, in violation of his constitutional right to be free of seizure using excessive force.  The plaintiff has the burden of proving these claims.

The defendants deny the plaintiff's claims.  The officers contend that their use of force was reasonable under the circumstances.

**United States District Court**
For the Northern District of California

9

**JURY INSTRUCTION NO. 8 – BURDEN OF PROOF –**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

10

**JURY INSTRUCTION NO. 9 – TWO OR MORE PARTIES –**

**DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 10 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11 – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 12 – EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 13 – DIRECT AND INDIRECT EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**JURY INSTRUCTION NO. 14 – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

16

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 15 – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 16 – STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

Sergeant Stanley and Officers Nguyen, Waybright and Cerruti were employed by the City of Hayward at the time of the events in question (May 15-16, 2004), and acting in that capacity.

On the morning of May 16, 2004, Officer Nguyen sprayed pepper spray (OC spray) into the facial area of Plaintiff Simpson.

On the morning of May 16, 2004, Officers Waybright and Nguyen each struck Plaintiff Simpson with a collapsible baton, on his left wrist and on portions of his left leg.

On the morning of May 16, 2004, Officer Cerruti twice ordered a police service dog to bite and restrain Plaintiff Simpson. The dog complied on both occasions, biting Plaintiff on his left wrist and on portions of his leg.

Following the events set forth above, Plaintiff Simpson was taken to St. Rose Hospital for medical attention.

**JURY INSTRUCTION NO. 17 – IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 18 – EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**

For the Northern District of California

20

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 19 – SECTION 1983 CLAIM –**

**INTRODUCTORY INSTRUCTION**

At this point, I will instruct you on the nature of the claim and defenses in this case.

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 20 – CONSTITUTIONAL RIGHT AT ISSUE

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the
> privileges or immunities of citizens of the United States; nor shall any
> State deprive any person of life, liberty, or property without due
> process of law; nor deny to any person within its jurisdiction the equal
> protection of the laws.

As a matter of law, under the Constitution of the United States every person has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which the plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

1

**JURY INSTRUCTION NO. 21 – SECTION 1983 CLAIM AGAINST OFFICER IN**

2

**INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

3       In order to prevail on his § 1983 claim against each of the officer defendants, the plaintiff

4  must prove each of the following elements by a preponderance of the evidence:

5  1.      the officer defendant acted under color of law; and

6  2.      the acts of the officer defendant deprived the plaintiff of his particular rights under the

7  United States Constitution as explained in later instructions.

8            The parties have stipulated that each of the officer defendants acted under color of law.

9            If you find the plaintiff has proved each of these elements, and if you find that the plaintiff

10  has proved all the elements he is required to prove under Instruction No. 23, your verdict should be

11  for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these

12  elements, your verdict should be for the officer defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

23

**JURY INSTRUCTION NO. 22 – REMOVED**

United States District Court

For the Northern District of California

1
2

**JURY INSTRUCTION NO. 23 – PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE**

3   In general, a seizure of a person is unreasonable under the Fourth Amendment of the United
4 States Constitution if a police officer uses excessive force in making a lawful arrest.  Thus, in order
5 to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the
6 evidence that the officer[s] used excessive force when they subdued and then arrested the plaintiff.

7   Under the Fourth Amendment, a police officer may only use such force as is "objectively
8 reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a
9 particular use of force from the perspective of a reasonable officer on the scene and not with the
10 20/20 vision of hindsight.

11   In determining whether the officer[s] used excessive force in this case, consider all of the
12 circumstances known to the officer[s] on the scene, including:

13 1.   The severity of the crime or other circumstances to which the officers were responding;

14 2.   Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

15 3.   Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

16 4.   The amount of time and any changing circumstances during which the officer had to
17 determine the type and amount of force that appeared to be necessary;

18 5.   The type and amount of force used.

19
20
21
22
23
24
25
26
27
28

25

**JURY INSTRUCTION NO. 24 – CAUSATION**

In order to establish that the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**JURY INSTRUCTION NO. 25 – DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim against the officer defendants, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

I will describe in the next instruction the types of damages you may consider.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 26 – MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental, physical, emotional pain and suffering experienced;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of wages, employment, and employment opportunities lost to the present time;

The reasonable value of wages, employment, and employment opportunities which with reasonable probability will be lost in the future.

**JURY INSTRUCTION NO. 27 – DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 28 – DAMAGES ARISING IN THE FUTURE –**

**DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. 29 – PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**JURY INSTRUCTION NO. 30 – NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO. 31 – INTRODUCTION TO SPECIAL-VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1

**JURY INSTRUCTION NO. 32 – SPECIAL INTERROGATORIES**

2      In the event you find any of the individual defendants violated plaintiff's constitutional

3 rights, the Court is required to make additional determinations.

4      To assist in those determinations, the verdict form contains special interrogatories (*i.e.*,

5 questions) that the jury must answer.  There must be unanimous agreement on each of the answers.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

### JURY INSTRUCTION NO. 33 – DUTY TO DELIBERATE

2   When you begin your deliberations, you should elect one member of the jury as your

3 presiding juror.  That person will preside over the deliberations and speak for you here in court.

4   You will then discuss the case with your fellow jurors to reach agreement if you can do so.

5 Your verdict must be unanimous.

6   Each of you must decide the case for yourself, but you should do so only after you have

7 considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8 your fellow jurors.

9   Do not hesitate to change your opinion if the discussion persuades you that you should.  Do

10 not come to a decision simply because other jurors think it is right.

11   It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12 you can do so after having made your own conscientious decision.  Do not change an honest belief

13 about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 34 – COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.